## BURKE *et al. v.* JACKSON.

*(Supreme Court, General Term, Third Department. July 7, 1890.)*

1. EVIDENCE—DECLARATIONS—DESCRIPTION IN MORTGAGE.

Where a deed of a lot fails to give its dimensions, describing it simply by its boundaries, a purchase-money mortgage executed by the grantee at the same time, which describes the lot as being 50 feet wide on a specified street, does not constitute such a declaration of the nature and extent of the grantee's claim as will render the mortgage admissible in evidence in ejectment by the grantee's heirs against an adjoining lot-owner, who is a stranger to both the deed and the mortgage.

2. DEED—DESCRIPTION—PURCHASE-MONEY MORTGAGE.

Neither is the mortgage admissible under the doctrine that a deed and a purchase-money mortgage are to be construed as one instrument, as this doctrine does not mean that the mortgage, as against a third person, can increase or diminish the amount of land conveyed by the deed.

MAYHAM, J., dissenting.

Appeal from circuit court, Montgomery county.

Ejectment by Sarah Jane Burke and Mary Frances Burke against William H. Jackson. There was a verdict for plaintiff; and from the judgment thereon, and an order denying a new trial on the judge's minutes, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*P. J. Lewis*, for appellant. *Z. S. Westbrook*, for respondents.

LEARNED, P. J.  This is an action of ejectment to recover a strip of land about 1 foot wide and about 96 feet long. The question is how wide the lot of plaintiffs really is. The plaintiffs claim under a deed from French to their ancestor which describes the lot as bounded "northerly by Grove street, easterly by Daniel Leffert's lot, southerly by Waterman Sweet's lot, and westerly by a lane," giving no other description, and no dimensions. Burke, the grantee, the same day gave a mortgage to French, described as a purchase-money mortgage, describing the land mortgaged as bounded "northerly by Grove street, easterly by Daniel Leffert's lot, southerly by Waterman Sweet's lot, and westerly by a lot of the party of the second part," (viz., French,) and further stating that the lot thereby conveyed was "fifty-one feet wide on Grove street." This mortgage the plaintiff gave in evidence on the trial, against

defendant's objection, in order to sustain plaintiffs' claim that their lot was 51 feet wide on Grove street. The ·defendant's lot lies on the easterly side of plaintiffs' lot. The plaintiffs claim that this mortgage, executed by their ancestor to French, is competent (1) as being part of the transaction with the deed; (2) as a declaration by a party in possession as to the extent and claim of his possession.

It does not appear that defendant derived title either from French or from Burke. Therefore the transaction between them was not binding on him. The giving back of a purchase-money mortgage by Burke could not increase the title which he had received from French, especially as against a stranger. The deed bounded the land easterly by Leffert's, westerly by a lane. The mortgage described the western boundary differently, yet it might mean the same thing. The doctrine that a deed and the purchase-money mortgage are to be construed together as one act. does not apply. That doctrine only indicates the simultaneous character of the transactions, showing that no outside rights can come between. But the doctrine does not mean that the mortgage can in any way increase or diminish, as against a third party, the amount of land conveyed by the deed. A mortgagor may be very willing to mortgage land twice as large as that described in the deed to him. But the mortgagee, on foreclosure, would get no more than the deed had conveyed.

Declarations of former owners have been. admitted to show the nature of their claim, or to show its extent, or to show where boundaries were; but it does not seem to us that this mortgage comes within the rule. At the best, this is only an assertion by Burke that the description in a deed to him embraced 51 feet. How that can be evidence against the defendant, we do not see. Burke might as well have said that the lot mortgaged was 100 feet on Grove street, which would have taken all of defendant's lot, and would have been an easy way of getting title to another's property. We have examined the cases cited by the plaintiffs to sustain the admission of the mortgage. They seem to us clearly distinguishable from the present case. The doctrine here asserted is that one, by executing a mortgage on another's land to a third party, can acquire title thereto, or at least can show, as against such owner, a possession thereof. If authority is needed to the contrary, it may be found in *Armstrong* v. *Du Bois,* 90 N. Y. 95, at 104. Judgment reversed, new trial granted; costs to abide event.

LANDON, J., concurs. MAYHAM, J., dissents.